EXHIBIT "A"

Case 5:21-cv-00365 Document 4-2 Filed 04/09/21 Page 2 of 23



# COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

# Case #2021CI03696

**Name**: ANWERALI RAJPARI

**Date Filed** : 3/1/2021

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 225

**Docket Type** : OTHER CIVIL CASES

**Business Name** :

**Style** : ANWERALI RAJPARI

**Style (2)** : vs SAFECO INSURANCE COMPANY OF INDIANA

# Case History

*Currently viewing 1 through 6 of 00006 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00005 | 3/31/2021 | ORIGINAL ANSWER OF<br>SAFECO INSURANCE COMPANY OF INDIANA |
| S00001 | 3/3/2021 | CITATION CERTIFIED MAIL<br>SAFECO INSURANCE COMPANY OF INDIANA<br>ISSUED: 3/3/2021 RECEIVED: 3/3/2021<br>EXECUTED: 3/9/2021 RETURNED: 3/17/2021 |
| P00004 | 3/1/2021 | JURY FEE PAID |
| P00003 | 3/1/2021 | CIVIL CASE INFORMATION SHEET |
| P00002 | 3/1/2021 | REQUEST FOR SERVICE AND PROCESS |
| P00001 | 3/1/2021 | PETITION<br>WITH JURY DEMAND |



**SOP / ALL**
**Transmittal Number: 22885339**
**Date Processed: 03/11/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |

| | |
|---|---|
| **Entity:** | Safeco Insurance Company Of Indiana<br>Entity ID Number 2780991 |
| **Entity Served:** | Safeco Insurance Company of Indiana |
| **Title of Action:** | Anwerali Rajpari vs. Safeco Insurance Company of Indiana |
| **Matter Name/ID:** | Anwerali Rajpari vs. Safeco Insurance Company of Indiana (10456503) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, TX |
| **Case/Reference No:** | 2021-CI-03696 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/10/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Brenda Owoeye<br>713-322-5953 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CERTIFIED MAIL #70201290000216726320

**Case Number: 2021-CI-03696**

2021CI03696  S00001

ANWERALI RAJPARI

**vs.**

**SAFECO INSURANCE COMPANY OF INDIANA**

(Note: Attached document may contain additional litigants).

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

**"THE STATE OF TEXAS"**

**DIRECTED TO:**   SAFECO INSURANCE COMPANY OF INDIANA

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 E 7TH ST 620
AUSTIN TX 78701-3218

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and PETITION,  a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures  generally  must be  made  no later  than  30 days  after  you file  your answer  with  the clerk. Find  out  more  at TexasLawHelp.org." Said ORIGINAL PETITION    was filed on the  1st day of March, 2021.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  3RD  DAY OF March  A.D., 2021.

BRENDA OWOEYE
ATTORNEY FOR PLAINTIFF
516 HEIGHTS BLVD
HOUSTON, TX 77007-2522



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By : *Alexandra Johnson,* Deputy

---

ANWERALI RAJPARI
vs
SAFECO INSURANCE COMPANY OF INDIANA

**Officer's Return**

Case Number: 2021-CI-03696
Court:225th Judicial District Court

Came to hand on the  3rd day of March 2021, A.D., at  1:17 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20____, by deilvering to: _____ at 211 E 7TH ST 620 AUSTIN TX 78701-3218 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION  .

Cause of failure to execute this Citation is _____ .

**Mary Angie Garcia**
Clerk of the District Courts of
Bexar County, TX
By : *Alexandra Johnson,* Deputy

ORIGINAL (DK003)

FILED
3/1/2021 3:50 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

**citcml   wjd**

CAUSE NO. **2021CI03696** _____

| | | |
|---|---|---|
| ANWERALI RAJPARI | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | BEXAR COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA | § | **225th** JUDICIAL DISTRICT |
| *Defendant* | § | |
| | § | |

## PLAINTIFF ANWERALI RAJPARI'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Anwerali Rajpari, (hereinafter referred to as "Plaintiff"), complaining of Safeco

Insurance Company of Indiana, (hereinafter referred to as "Defendant") and for cause of action would

respectfully show unto this Honorable Court and Jury as follows:

## DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and

    affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil

    Procedure 169 because Plaintiff seeks monetary relief of over $250,000.00.

## PARTIES

2.  Plaintiff is an individual residing in Bexar County, Texas.

3.  Safeco Insurance Company of Indiana is a <u>foreign</u> insurance company engaging in the business of

    insurance in the State of Texas. Defendant may be served with process by serving its registered agent of

service Corporation Service Company at the following address: 211 east 7th street suite 620, Austin

TX78701-3218.

## JURISDICTION

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the

    jurisdictional limits of the Court.

5.  The Court has jurisdiction over Defendant Safeco Insurance Company of Indiana because Defendant is a

    foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's

    causes of action arise out of Defendant's business activities in the State of Texas. Specifically, Safeco

    Insurance Company of Indiana sought out and marketed for insurance in Texas and has "purposefully

    availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*,

    301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6.  Venue is proper in Bexar County, Texas, because the Property is situated in Bexar County, Texas. TEX.

    CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7.  Plaintiff purchased a policy from Defendant Safeco Insurance Company of Indiana, (hereinafter referred

    to as "the Policy"), which was in effect at the time of loss.

8.  The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which

    is located at 19614 La Sierra Blvd., San Antonio TX 78256.

9.  Defendant Safeco Insurance Company of Indiana and/or its agent sold the Policy insuring the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about April 13, 2019, Plaintiff experienced a severe storm-related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Safeco Insurance Company of Indiana.

12. The storm caused damage to the property's roof and exterior. The significant damage to the property required full replacement of the damaged items. Defendant intentionally did not properly inspect and failed to give an allowance to repair all the damage caused by the storm. Defendant failed to document damage caused by the storm in question and wrongly excluded damage that was covered under the policy. As Safeco Insurance Company of Indiana must concede, and as any proper investigation by Safeco Insurance Company of Indiana would yield, incredible damage and loss was suffered by Plaintiff's Property due to storm-related events.

13. Specifically, Safeco Insurance Company of Indiana performed an unreasonable and insufficient investigation of the claim. Safeco Insurance Company of Indiana failed to document all the damage to the Property caused by the storm in question. Although the damage was covered under the policy, Safeco Insurance Company of Indiana wrongly excluded damage to the property including damage to the roof, driveway, patio and interior of the property. Safeco Insurance Company of Indiana wrongly under-scoped

---

the damage to the property and did not give the full allowance to restore the property to its pre-loss

conditions.

14. Safeco Insurance Company of Indiana intentionally did not properly inspect and failed to give an

allowance to repair all the damage that was caused by the storm. Safeco Insurance Company of Indiana's

estimate did not account for the full extent of the cost to fix the roof which require full replacement.

Instead, Safeco Insurance Company of Indiana only acknowledged minimal damage to the property – a

vastly underestimated amount of the roof, driveway, patio, and interior damage, as evidenced by the

estimates prepared by Statewide Claim Services and Applegate Services, LLC which were provided

to Safeco Insurance Company of Indiana. In essence, Safeco Insurance Company of Indiana failed to

appreciate the significant weather-related damage to the various roofing systems on the property by

relying on biased and outcome-oriented adjusters.

15. Defendant Safeco Insurance Company of Indiana wrongfully underpaid Plaintiff's claim and refused to

issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

16. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly

conducted a substandard investigation of the Property.   This is evidenced by Defendant's assigned

adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to

place the Property in a pre-loss condition.

17. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly

undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's

claim was intentionally and knowingly underpaid.

18. Defendant Safeco Insurance Company of Indiana failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

19. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

20. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

21. All acts by Defendant Safeco Insurance Company of Indiana were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant Safeco Insurance Company of Indiana and/or were completed in its normal and routine course and scope of employment.

22. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

23. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan,

fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent,

broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added);

*see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding

an insurance company employee to be a person for the purpose of bringing a cause of action against them

under the Texas Insurance Code and subjecting them to individual liability).

## BREACH OF CONTRACT

24. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing

paragraphs.

25. Defendant Safeco Insurance Company of Indiana's conduct constitutes a breach of the insurance contract

made between Defendant Safeco Insurance Company of Indiana and Plaintiff. According to the Policy,

which Plaintiff purchased, Defendant Safeco Insurance Company of Indiana had the absolute duty to

investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive

storm-related damages.

26. As a result of the storm-related event, Plaintiff suffered extreme weather-related damages. Despite

objective evidence of weather related damages provided by Plaintiff and its representatives, Defendant

Safeco Insurance Company of Indiana breached its contractual obligations under the Policy by failing to

pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated

with the subject loss event. As a result of this breach, Plaintiff has suffered additional actual and

consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

27. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

28. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A.  Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

    B.  Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

    C.  Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

    D.  Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

29. By Defendant Safeco Insurance Company of Indiana representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather-related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

30. Defendant Safeco Insurance Company of Indiana has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

31. Defendant Safeco Insurance Company of Indiana's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

32. Defendant Safeco Insurance Company of Indiana's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

33. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Safeco Insurance Company of Indiana, to its detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

34. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

35. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show itself to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

36. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

37. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A.  Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

    B.  Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

    C.  Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

    D.  Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

    E.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

    F.  Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

38. By its acts, omissions, failures and conduct, Defendant Safeco Insurance Company of Indiana has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of its detrimental reliance upon Defendant Safeco Insurance Company of Indiana's unfair or deceptive acts or practices. § 541.151(2).

39. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Safeco Insurance Company of Indiana and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

40. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Safeco Insurance Company of Indiana's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

---

41. As a result of Defendant Safeco Insurance Company of Indiana's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

42. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

43. From and after the time Plaintiff's claim was presented to Defendant Safeco Insurance Company of Indiana, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 566, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

44. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

45. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

46. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

47. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

48. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

49. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

50. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

51. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

52. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

53. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, (in excess of $250,000.00 but less than $1,000,000.00).

## ADDITIONAL DAMAGES & PENALTIES

54. Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

55. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

56. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

57. Plaintiff demands a jury trial, consisting of citizens residing in Bexar County, Texas, and tenders the appropriate fee with this Original Petition.

## CONCLUSION

58. Plaintiff prays that judgment be entered against Defendant Safeco Insurance Company of Indiana and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Defendant Safeco Insurance Company of Indiana, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

RESPECTFULLY SUBMITTED,

*/s/ Brenda Owoeye*

McCLENNY MOSELEY & ASSOCIATES, PLLC
Brenda Owoeye
TX State Bar No. 24102317
James M. McClenny
TX State Bar No. 24091857
J. Zachary Moseley
TX State Bar No. 24092863
516 Heights Boulevard
Houston, Texas 77007
Principal Office No. (713) 334-6121
Facsimile: (713) 322-5953
Brenda@mma-pllc.com
ATTORNEYS FOR PLAINTIFF

**CERTIFIED MAIL**®



7020 1290 0002 1672 6320



U.S. POSTAGE ≫ PITNEY BOWES



ZIP 78204 $ 007.85⁰
02 4W
0000350931 MAR. 04. 2021

**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

*RETURN SERVICE REQUESTED*



SAFECO INSURANCE COMPANY OF INDIANA
C/O CORPORATION SERVICE COMPANY
211 E 7TH ST 620
AUSTIN, TX 78701-3218

2021CI03696 3/3/2021 CITCM ALEXANDRA JOHNSON

FILED
3/31/2021 12:12 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Stephanie West

CAUSE NO. 2021CI03696

| | | |
|---|---|---|
| **ANWERALI RAJPARI** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **SAFECO INSURANCE COMPANY OF** | § | |
| **INDIANA** | § | |
| **Defendant.** | § | **225TH JUDICIAL DISTRICT** |

## DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S ORIGINAL ANSWER

Defendant, SAFECO INSURANCE COMPANY OF INDIANA (hereinafter "Defendant"), files this Original Answer and would respectfully show the Court as follows:

**I.**

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies the allegations contained in the Original Petition, and any amendments and supplements thereto, and demands strict proof by a preponderance of the evidence as required by Texas law.

**II.**

**PRAYER**

Safeco Insurance Company of Indiana, Defendant, respectfully prays that Anwerali Rajpari, Plaintiff, take nothing by reason of their suit herein, and that Safeco Insurance Company of Indiana recover its costs.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____
David R. Stephens
State Bar No. 19146100
Rebecca M. Rábago
State Bar No. 24042442
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
rrabago@lstlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Original Answer was served by electronic service on the **31st** day of **March 2021,** upon the following counsel of record:

Robert V. Mongole
State Bar No.: 24098124
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
MCCLENNEY MOSELEY & ASSOCIATES
516 Heights Blvd.
Houston, TX 77007
(844) 662-7552 ( Telephone)
(713) 322-5953 ( Fax)
robert@mma-pllc.com

_____
Rebecca M. Rabago